UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CONNIE RAYBOURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:16cv00010 PLC |
| | ) |
| CORIZON HEALTH, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Correctional Officer Susan Woodrow's motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion to stay discovery (ECF Nos. 33 & 61). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). Woodrow's motion to dismiss is granted in part and denied in part and the motion to stay discovery is denied.

### I.  Background

Plaintiff Connie Raybourn is an inmate at the Women's Eastern Reception, Diagnostic and Correctional Center (WERDCC) in Vandalia, Missouri. Plaintiff filed suit under 42 U.S.C. § 1983 alleging violations of her Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also alleged that Defendants' treatment of her was negligent under state law. With respect to her Section 1983 claim, Plaintiff asserted that Defendants Corizon Medical Services[1] and various medical and correctional personnel at WERDCC, including Woodrow, were deliberately indifferent to her serious medical needs by ignoring her request for medical

---

[1] Corizon Medical Services is a professional healthcare company that specializes in providing medical care in correctional facilities. Williamson v. Steele, Case No. 4:12CV1548 CAS, 2014 WL 555910, *1 (E.D.Mo. Feb. 12, 2014).

care and denying proper treatment for colon cancer and complications relating to colon cancer.

Plaintiff alleged two counts against Woodrow in her individual and official capacity. In Count 5, under 42 U.S.C. § 1983, Plaintiff alleged that Woodrow violated her Eighth Amendment right to be free from cruel and unusual punishment when she confiscated from Plaintiff, who was undergoing chemotherapy, "a high quality hat, scarf and gloves" that Plaintiff's oncologist had provided her to "protect [P]laintiff from exposure to the cold and the risk of permanent nerve damage." (ECF No. 23 at 20). In addition, Plaintiff stated that Woodrow "also denied [P]laintiff's requests for the partition window to be open to allow heat into the inmate area of the van during transports for chemotherapy. . . ." (Id.).

In support of her Section 1983 claim, Plaintiff asserted that Woodrow acted "pursuant to an unconstitutional pattern, practice, policy, procedure, custom or regulation…to deny items and recommendations not typically thought of as medical without regard to [P]laintiff's serious medical needs and risks of harm or her doctor's recommendations." (Id.). Plaintiff further alleged that Woodrow "knew or should have known of the objective, substantial risk of pain, suffering and serious harm from a failure to adequately protect [P]laintiff from the elements" and, "with deliberate indifference," confiscated and refused Plaintiff's "doctor's recommendations for a high quality hat, scarf, gloves and [P]laintiff's requests for an open partition window[.]" (Id. at 20-21).

In Count 7, Plaintiff's state law negligence claim, she alleged that Woodrow breached her "duty to take reasonable care in supervising, directing, overseeing, approving and denying medical care, recommendations and orders from [Plaintiff's] health care providers" when she failed or refused to "provide adequate measures to protect against the elements during chemotherapy." (ECF No. 23 at 23). Plaintiff stated that Woodrow's negligence caused her "to

suffer pain and emotional distress from being exposed to the cold without sufficient protection from the elements along with the risk and potential for contribution to permanent nerve damage." (ECF No. 23 at 21, 24).

Woodrow filed a motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a memorandum in support of her motion (ECF Nos. 33 & 34). Woodrow argued that Plaintiff failed to state a claim for relief and, even if Plaintiff alleged sufficient facts to establish a violation of a constitutional right or negligence, Woodrow is protected from state and federal claims by the doctrines of sovereign, official, and qualified immunity. (ECF No. 34 at 1-2).

## II. Legal standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the …claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.

When considering a motion to dismiss, the reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A motion to dismiss should be granted 'as a practical matter…only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (quoting Frey v. Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)).

"At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." Id. "The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim." Schuer v. Rhodes, 416 U.S. 232, 236 (1976) (overruled on other grounds, see Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

### III. Discussion

*A. Count 5 – Section 1983 claim against Woodrow in her official capacity*

Woodrow asserts that Plaintiff's Section 1983 damage claims against her in her official capacity are barred by the Eleventh Amendment. (ECF No. 34). Woodrow further argues that Plaintiff did not request injunctive and declaratory relief and, even if she did, Plaintiff is not entitled to such relief because she failed to allege an ongoing violation of federal law. (Id.). In response, Plaintiff contends that she properly limited her Section 1983 claims against Woodrow in her official capacity to requests for prospective and injunctive relief. (ECF No. 44).

The Eleventh Amendment generally bars suits by private citizens against a state and its agencies in federal court. Balogh v. Lombardi, 816 F.3d 536, 544 (8th Cir. 2016). Nevertheless, plaintiffs may seek prospective injunctive relief against a state, its agencies, and its officers when sued in their official capacities to prevent either continuing or future violations of the Constitution or other federal law. 281 Care Comm. v. Arneson, 638 F.3d 621, 632 (8th Cir. 2011). See also Ex Parte Young, 209 U.S. 123 (1908). "In determining whether this exception applies, a court conducts 'a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Id. (quoting Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002)). The inquiry "does not include an analysis of the merits of the claim." Verizon Md., Inc., 535 U.S. at

4

646.

The Eleventh Amendment does not bar Plaintiff's Section 1983 claim against Woodrow in her official capacity because the complaint on its face shows that Plaintiff sought prospective and injunctive relief, and not monetary damages, in this claim.[2] (ECF No. 23). In paragraph 3 of the first amended complaint, Plaintiff pleaded: "Defendant[]….Woodrow [is] sued in [her] individual capacit[y] with regard to plaintiff's requests for money damages and in [her] official capacit[y] with regard to plaintiff's requests for injunctive and declaratory relief." (Id. at 3). In paragraph 12, Plaintiff alleged that Woodrow "acted under color of law in her denial of care and reasonable accommodations for plaintiff's serious medical needs and in her establishing and following unconstitutional patterns, practices, policies, procedures, customs and regulations with regard to plaintiff and inmates like plaintiff." (Id. at 7). Plaintiff incorporated paragraphs 3 and 12 by reference into Count 5 and, in her prayer for relief, requested "this Court to enter judgment in her favor and against defendant[]…..Woodrow for compensatory damages, her taxable costs and such other legal and equitable relief the Court deems appropriate." (Id. at 19, 21).

Woodrow argues that, even if Plaintiff requested prospective and injunctive relief, the Court must dismiss her claim because the alleged constitutional violation is not ongoing. (ECF No. 34). In the amended complaint, Plaintiff stated that Woodrow confiscated her outerwear and refused to open the partition "pursuant to an unconstitutional pattern, practice, policy, procedure, custom or regulation established and implemented by defendants to deny items and recommendations not typically thought of as medical . . . ." (ECF No. 23 at 20). While the

---

[2] "Fed.R.Civ.P. 9 does not create any special pleading requirements relating to requests for relief, as it does with capacity, and, as a general rule, requesting incorrect relief is not grounds for dismissal." Andrus ex rel. Andrus v. Arkansas, 197 F.3d 953, 955 (8th Cir. 1999) (declining to dismiss police colonel as a defendant in his official capacity where the plaintiff requested "just and proper" relief).

factual allegations regarding the alleged ongoing violation of federal law are not highly detailed, the Court must construe the complaint broadly. See Iqbal, 556 U.S. at 678. Considering the complaint as a whole, it is clear that the gravamen of Plaintiff's argument is that Woodrow, along with various other named defendants, have engaged in a series of acts that violate Plaintiff's constitutional rights, and that Court action is necessary to end the pattern of abuse. Thus, the complaint stated sufficient facts to survive the pending motion to dismiss. Woodrow's motion to dismiss Plaintiff's Section 1983 claim for injunctive and declaratory relief against Woodrow in her official capacity is denied.

### B. Count 5 –Section 1983 claim against Woodrow in her individual capacity

Woodrow moves to dismiss Plaintiff's Section 1983 claim against her in her individual capacity on the basis of qualified immunity.[3] In response, Plaintiff asserts that Woodrow is not entitled to qualified immunity because she deliberately violated Plaintiff's clearly established constitutional rights.

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." Story v. Foote, 782 F.3d 968, 970 (8th Cir. 2015) (quoting Stanton v. Sims, 134 S.Ct. 3, 5 (2013)). In determining whether a defendant is entitled to qualified immunity, the Court examines: (1) whether the facts alleged, construed in the light most favorable to the plaintiff, establish a violation of a constitutional right; and (2) whether that constitutional right was clearly

---

[3] Woodrow alleged additional grounds for dismissal, including failure to allege facts establishing physical injury and deliberate indifference to a serious medical need. Because the defense of qualified immunity is established on the face of the complaint, the Court does not address whether Plaintiff adequately pleaded a constitutional violation. See Story v. Foote, 782 F.3d 968, 970 (8th Cir. 2015) ("It is unnecessary and inefficient to address whether [Plaintiff] adequately pleaded a constitutional violation, if the defense of qualified immunity is established on the face of the complaint.").

established at the time of the alleged misconduct, such that a reasonable official would have known that her actions were unlawful.[4] McCaster v. Clausen, 684 F.3d 740, 746 (8th Cir. 2012) (citing Pearson v. Callahan, 555 U.S. 223, 232 (2009)). A defendant is entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Corr. Med. Servs., 583 F.3d 522, 528 (8th Cir. 2009) (en banc).

Whether a right is clearly established is a question of law, to be decided on the basis of all relevant authority. Elder v. Holloway, 510 U.S. 510, 516 (1994). The United States Supreme Court has emphasized that, for a plaintiff to overcome qualified immunity, existing precedent must have placed the constitutional question "beyond debate." City & Cnty. of S.F., Calif. v. Sheehan, 135 S.Ct. 1765, 1774 (2015). See also Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011). In other words, a government official's conduct violates clearly established law when, at the time of the challenged conduct, "[t]he contours of [a] right [are] sufficiently clear" that every "reasonable official would have understood that what he is doing violates that right." Al-Kidd, 131 S. Ct. at 2078 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Because Plaintiff alleged that Woodrow violated her constitutional rights in two ways – deliberate indifference to conditions of confinement and deliberate indifference to serious medical needs – the Court considers each claim in turn.

### 1. *Deliberate indifference to conditions of confinement*

"[T]he Constitution 'does not mandate comfortable prisons'; it prohibits 'inhumane ones.'" Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). "To establish that conditions of confinement violate the Eighth

---

[4] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson v. Corr. Med. Servs., 583 F.3d 522, 528 (8th Cir. 2009) (en banc) (quoting Pearson v. Callahan, 555 U.S. 223, 236 (2009)).

Amendment, a plaintiff "must show that (1) the alleged deprivation is sufficiently serious that it denies 'the minimal civilized measure of life's necessities,' and (2) the prison officials were deliberately indifferent to 'an excessive risk to inmate health or safety.'" Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995) (quoting Williams, 49 F.3d at 445). "[D]eliberate indifference includes something more than negligence but less than actual intent to harm'; it requires proof of a reckless disregard of the known risk." Crow v. Montgomery, 403 F.3d 598, 602 (8th Cir. 2005) (quoting Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998)).

Here, Plaintiff's amended complaint stated that: Plaintiff's side effects from the chemotherapy included cold intolerance and "numbness, tingling, and pain in her extremities"; Plaintiff's oncologist provided her a high-quality hat, scarf, and gloves "to protect her from exposure to the cold and the risk of permanent nerve damage"; Woodrow confiscated those items from Plaintiff; and Woodrow denied Plaintiff's request to lower the partition "to allow heat into the inmate area of the van during transports for chemotherapy." (ECF No. 23 at 20-21). It is not clear on the face of the complaint whether Plaintiff desired the warm clothing for medical transports only or for use at the prison, as well.[5]

To determine whether Woodrow's alleged actions violated a "clearly established" constitutional right, and therefore abrogated her qualified immunity, the Court considers prior decisions. Plaintiff cites numerous cases for the proposition that lack of heating or clothing may violate the Eighth Amendment as it unnecessarily exposes the inmate to pain and the risk of harm. See Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987) (maintaining the prison's heat "at

---

[5] Courts have held that "certain conditions are not cruel and unusual because the inmate was subjected to the condition for only a short period of time." Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994). "[C]onditions, such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months." Tokar v. Armontrout, 97 F.3d 1078, 1082 n.4 (8th Cir. 1996) (quoting Whitnack, 16 F.3d at 958).

an unreasonably low temperature" might constitute a violation of the Eighth Amendment); McCray v. Burrell, 516 F.2d 357, 369 (4th Cir. 1975) (forty-eight hour confinement in a cell without blanket, mattress, running water, or articles of personal hygiene constituted a "per se violation of the eighth amendment"); Beck v. Lynaugh, 842 F.2d 759, 761 (5th Cir. 1988) (allegations that prison authorities failed to replace windows for six-month period, leaving prisoners exposed to the elements, including bitter cold, wind, and rain, stated a claim under Section 1983). However, all of the cited cases involve low temperatures and long-term exposure to cold in prison cells. See also Wilson v. Seiter, 501 U.S. 294, 304 (1991) (low cell temperature at night combined with failure to issue blankets may constitute an Eighth Amendment violation).

The Eighth Circuit has held that a four-day confinement in a "strip cell," without clothes, bedding, or running water, was not a "sufficiently serious objective deprivation" to overcome the defendants' defense of qualified immunity. Williams, 49 F.3d at 445. See also Seltzer-Bey, 66 F.3d at 963 (no Eighth Amendment violation where the inmate was placed in a "strip cell" for two days without clothing, bedding, or running water, with a concrete floor, a concrete slab for a bed, and cold air blowing on him). In Williams, the court held that the defendant prison officials were entitled to summary judgment on the basis of qualified immunity because the conditions of the plaintiff's confinement did not deny him "the minimal civilized measure of life's necessities," as the plaintiff received "three meals a day, including liquid nourishment in the form of milk and was sheltered from the elements." Williams, 49 F.3d at 445. The court noted: "Nothing in the record indicates that [the plaintiff] suffered any injuries or that his health was impaired as a result of his four-day confinement in the strip cell." Id. at 446. The court therefore concluded that, "[a]t most, [the plaintiff's] evidence shows only that he felt some discomfort." Id.

9

Woodrow is entitled to qualified immunity from Plaintiff's conditions-of-confinement claim because the facts alleged do not constitute a "sufficiently serious objective deprivation" that denied Plaintiff "the minimal civilized measures of life's necessities." See Id. at 445-46. Furthermore, it is not "clearly established," in the constitutional sense, that a prisoner undergoing chemotherapy has a right to warm garments or heat during transports.[6] For this reason, the Court finds that a reasonable official in Woodrow's position would not understand that her conduct in confiscating Plaintiff's hat, scarf, and gloves and refusing to lower the partition violated Plaintiff's constitutional rights. Under these circumstances, Woodrow is entitled to qualified immunity as to Plaintiff's Section 1983 claims for damages based on clothes and heat.

### 2. *Deliberate indifference to a serious medical need*

It is well established that "deliberate indifference to a[n] inmate's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment" for which a defendant is not entitled to qualified immunity. McCaster, 684 F.3d at 746 (citing Nelson, 583 F.3d at 531-32). See also Estelle v. Gamble, 429 U.S. 97, 104 (1976). "To show deliberate indifference, plaintiffs must prove an objectively serious medical need and that prison officials knew of the need but deliberately disregarded it." Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (quoting Gordon ex rel. Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006)). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." Id. To demonstrate a deprivation of medical care rising to the level of a constitutional violation, the plaintiff must show that the defendant's mental state was "akin to criminal recklessness."

---

[6] The lack of case law on this issue suggests that the "existing precedent" has not "placed the Constitutional question beyond debate." See Stewart v. Wagner, 836 F.3d 978, 986 (8th Cir. 2016).

McCaster, 684 F.3d at 746.

Woodrow argues that she is entitled to qualified immunity from Plaintiff's medical mistreatment claim because her actions, as alleged in the amended complaint, did not constitute violation of a clearly established constitutional right. More specifically, Woodrow urges that Plaintiff did not allege that Woodrow "kept Plaintiff from medical care or that she failed to administer adequate medical care" and a reasonable officer would not have known that any of the alleged acts constituted a deprivation of Plaintiff's constitutional rights. (ECF No. 34 at 7).

Plaintiff cites no authority in support of her claim that warm clothing and heat constitute "medical treatment." Nor did the Court's independent research uncover any cases considering whether confiscating a hat, scarf, and gloves, provided to an ill prisoner by her doctor, and/or refusing to lower a partition during transport, violated the inmate's constitutional right to medical care. However, in Prosser v. Nagaldinne, this Court granted defendants Corizon and the prison officials summary judgment on the plaintiff's claim that they were deliberately indifferent to a serious medical need when they denied the inmate special orthopedic shoes requested by one of the plaintiff's treating doctors. 927 F. Supp. 2d 708, 737, 740 (E.D.Mo. 2013). See also McMican v. Lewis, 53 F.3d 338 (9th Cir. 1995) (unpublished opinion) (inmate who suffered from painful lipomas failed to demonstrate prison officials who confiscated his gloves were deliberately indifferent to his serious medical needs); Thomas v. Comm'r, Alabama Dept of Corr., Case No. 1:15cv199, 2016 WL 2962889, *8 (N.D. Alabama, Jan. 1, 2016) (recommending dismissal of inmate's deliberate indifference claim because inmate "does not describe why *his* diabetic symptoms are such that diabetic shoes are an objectively serious medical need") (emphasis in original); Tucker v Buckman, Case No. 4:10cv749, 2012 WL 12871667 (E.D. Arkansas, Dec. 20, 2012) (inmate, who suffered from colon cancer, Lupus, damaged lungs, and

11

sores on his fingers, failed to show that blanket, shoes, and ointment were required for a serious medical need and that the delay in providing them resulted in a detriment to his health).[7]

Based on the limited existing case law, the existing precedent has not placed the constitutional question beyond debate. See Stewart v. Wagner, 836 F.3d 978, 986 (8th Cir. 2016). Although prisoners have a constitutional right under the Eighth Amendment to medical care, it is not clearly established that a prisoner has the right to certain articles of clothing provided by one's doctor and warmth during transport, when he or she is undergoing chemotherapy. Because the amended complaint did not satisfy one of the two prongs of the qualified immunity analysis, Woodrow is entitled to qualified immunity. Woodrow's motion to dismiss Plaintiff's Section 1983 claim against her in her individual capacity is granted.

### C. Count 7 – Negligence claim

Having found that Plaintiff properly pled at least one federal claim, the Court will exercise its supplemental jurisdiction over Plaintiff's state law negligence claim. See 28 U.S.C. § 1367. Woodrow urges the Court to dismiss Plaintiff's negligence claim because she is entitled to official immunity.[8] (ECF No. 34 at 11-12). According to Woodrow, official immunity applies because the acts of confiscating Plaintiff's hat, scarf, and gloves and refusing to open the

---

[7] But see Smith v. Abdur-Rahman, Case No. 2:13cv738, 2015 WL 164436 (E.D. Cal. Jan. 13, 2015) (material dispute of fact existed regarding whether staff physician was deliberately indifferent to the plaintiff's need for medical boots or soft shoes resulting from chronic plantar fasciitis and back pain); Harry v. Wagner, Case No. 2:12cv643, 2014 WL 2091202 (M.D. Florida, May 19, 2014) (inmate alleged sufficient facts to infer that he suffered a serious medical need, which required orthopedic boots, but he failed to allege sufficient facts showing defendants were deliberately indifferent); Nunn v. Hunt, Case No. 5:11CT3222, 2012 WL 3870365 (E.D. North Carolina, Sept. 6, 2012) (inmate stated claim that prison officers were deliberately indifferent to a serious medical need when they deprived him of his medically prescribed boots for sixty days).

[8] Woodrow also argues that the Court should dismiss Plaintiff's negligence claim because Plaintiff alleged insufficient facts to state a claim for negligence. (ECF No. 34 at 13-14). Because the Court finds that official immunity bars this negligence claim against Woodrow, the Court does not reach Woodrow's failure to state a claim argument.

van partition were discretionary in nature. (Id.). In response, Plaintiff argues that, even if Woodrow's acts were discretionary, she is not entitled official immunity because, based on the facts alleged in the amended complaint, "[i]t would be reasonable for a fact-finder to determine that those actions were malicious or done in bad faith." (ECF No. 44 at 6).

"Under Missouri law, the official immunity doctrine protects public officials from liability for injuries arising out of their discretionary acts or omissions, but not from liability in claims arising from their performance of ministerial acts." Reasonover v. St. Louis Cnty., Mo., 447 F.3d 569, 585 (8th Cir. 2006) (cited case omitted). However, official immunity "does not apply to those discretionary acts done in bad faith or with malice." Id. (quoting Davis v. Bd. of Educ. of St. Louis, 963 S.W.2d 679, 688 (Mo.App. 1998)). See State ex rel. Twiehaus v. Adolf, 706 S.W.2d 443, 446 (Mo. 1986). To survive a motion to dismiss on the basis of official immunity, a plaintiff pursuing a negligence action against a public employee must "plead specific facts demonstrating that the employee failed to perform a statutory or departmentally-mandated duty or that the employee performed a discretionary duty with bad faith or malice." Vaughn v. Genasci, 323 S.W.3d 454, 456 (Mo.App. 2010) (quoting Twiehaus, 706 S.W.2d at 446). The Missouri Supreme Court has held that, in the context of official immunity, "bad faith or malice requires 'actual intent to cause injury,' 'intentional doing of a wrongful act without legal justification or excuse,' and 'done knowingly and deliberately, for an improper motive.'" Stephens v. Dunn, 453 S.W.3d 241, 251 (Mo.App. 2014) (quoting Twiehaus, 706 S.W.2d at 447).

In Count 7 of the amended complaint, Plaintiff alleged that Woodrow's failure or refusal to "provide adequate measures to protect against the elements during chemotherapy. . . were failures to use ordinary care, and, failure to use that degree of skill and care learning ordinarily

13

exercised by members of [Woodrow's] professions under the same or similar circumstances." (ECF No. 23 at 23-24). Plaintiff averred that Woodrow's negligence "directly caused or directly contributed to cause the damages" alleged in Count 5, namely, "pain and emotional distress from being exposed to the cold without sufficient protection from the elements along with the risk and potential for contribution to nerve damage." (Id. at 21, 24). Plaintiff's amended complaint contains no allegations that Woodrow's conduct was performed with bad faith, malice, or an intent to injure Plaintiff.

Plaintiff appears to argue that the amended complaint alleged sufficient facts to overcome Woodrow's official immunity claim because the alleged acts of taking "protective clothing from and refus[ing] heat to a person undergoing chemotherapy," raise an inference of bad faith or malice. (ECF No. 44 at 6). However, Missouri courts have held that, in cases alleging torts against a government employee, absent allegations that the employee performed a discretionary duty with bad faith or malice, the plaintiff's allegations are insufficient to state a claim that is not barred by the doctrine of official immunity. See Vaughn, 323 S.W.3d at 456 (cited in Stephens, 453 S.W. 3d at 250).

Upon review of the record, Plaintiff did not allege that Woodrow acted in bad faith or with malice and, therefore, did not allege facts establishing an exception to the official immunity doctrine. See Stephens, 453 S.W.3d at 250. Woodrow's motion to dismiss Plaintiff's negligence claim against her is granted.

### 3. Conclusion

For the reasons stated herein, the Court grants Woodrow's motion to dismiss Plaintiff's Section 1983 individual capacity and state law negligence claims and denies Woodrow's motion to dismiss Plaintiff's Section 1983 official capacity claim.

Accordingly,

**IT IS HEREBY ORDERED** that Woodrow's motion to dismiss Plaintiff's first amended complaint (ECF No. 33) is **GRANTED** in part and **DENIED** in part in accordance with the terms of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Woodrow's motion for stay of discovery (ECF No. 61) is **DENIED**.

                                                     PATRICIA L. COHEN
                                                   UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of December, 2016